D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
JERRY NAMBA

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

In re

AMPERSAND PUBLISHING, LLC, dba SANTA BARBARA NEWS-PRESS,

Debtor.

Case No: 9:23-bk-10601-RC

Chapter 7

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS WOOD LLP AS SUCCESSOR COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF D. EDWARD HAYS AND JERRY NAMBA IN SUPPORT

[NO HEARING REQUIRED]

TO THE HONORABLE RONALD A. CLIFFORD III, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

Jerry Namba, in his capacity as Chapter 7 Trustee (“Trustee”) of the Bankruptcy Estate (“Estate”) of Ampersand Publishing, LLC, dba Santa Barbara News-Press (“Debtor”), respectfully submits this application (“Application”) for entry of an order authorizing the employment of Marshack Hays Wood LLP (“Firm”), as Trustee’s and the Estate’s successor counsel in this case pursuant to 11 U.S.C. §§ 327, 328, and 330. In support of this Application, Trustee respectfully represents as follows:

/ / /

/ / /

## 1. Statement of Facts

On or about July 21, 2023, Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of title 11 of the United States Code ("Bankruptcy Case"). Debtor's counsel was Levene, Neale, Bender Yoo & Golubchik LLP ("LNBYG").

On August 3, 2023, as Dk. No. 10, Debtor filed its schedules and statement of financial affairs ("Schedules").

On August 10, 2023, as Dk. No. 13, Trustee filed an application to employ Danning, Gill, Israel & Krasnoff, LLP ("DG") as general counsel ("DG General Employment Application"). No opposition was filed. On August 30, 2023, as Dk. No. 18, the Court granted the DG General Employment Application.

On December 26, 2023, as Dk. No. 43, Trustee filed a complaint to avoid and recover voidable transfers; for declaratory relief; for turnover; for resulting trust; for injunctive relief; for constructive trust against 715 Anacapa, LLC, a California limited liability company; and 725 Kellogg, LLC, a California limited liability company, commencing adversary case no. 9:23-ap-01067-RC ("Adversary").

On January 5, 2024, as Dk. No. 44, Trustee filed an application to employ DG as special litigation counsel with respect to the Adversary ("DG Special Employment Application"). No opposition was filed. On January 24, 2024, as Dk. No. 48, the Court entered an order approving the DG Special Employment Application.

As of January 31, 2025, DG permanently closed its offices rendering it unable to continue representing the Trustee. A majority of the attorneys with DG who were working on the case (Michael D'Alba, Esq., Eric Israel, Esq., and Brad Krasnoff, Esq.) joined LNBYG. The other DG attorney that had been working on the case, Uzzi O. Raanan, Esq. ("Mr. Raanan"), did join LNBYG.

The Trustee contacted the Firm to serve as the Estate's counsel to DG in all respects, including succeeding to the roles and employment conditions of DG in both the DG General Employment Application and DG Special Employment Application. Given his familiarity with the

Adversary, the Trustee also intends to employ Mr. Ranaan as co-counsel with the Firm in the Adversary.

## 2. Requirements for Application to Employ Professional

Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 2014-1 of the Local Bankruptcy Rules ("LBR"), there follows a summary of the proposed employment of the Firm. Should the Office of the United States Trustee, the Court, or any party in interest request additional information, the Firm will provide a supplemental declaration prior to any hearing on this Application.

### A. FRBP 2014.

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States Trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

#### i. Facts Showing the Necessity for the Employment.

The Trustee requires the assistance of general counsel to, among other things, investigate, analyze, and advise him regarding the Estate's interest in assets, conduct claims analysis and objetions, and the general administration of the case. The Firm is knowledgeable and experienced in representing bankruptcy trustees in these areas. In particular, the Firm has extensive experience representing Chapter 7 trustees.

Prior to the closure of DG, the Trustee was litigating the Adversary, and there is a pending motion to dismiss the Adversary filed by the defendants. The Trustee thus also requires the assistance of special litigation counsel to defend and argue the Estate's interests with respect to the

motion to dismiss, and requires the assistance of counsel to further prosecute the Adversary after resolution of the pending motion. Because of the value of the property at stake, it is possible and in fact likely that either party may pursue an appeal of any adverse decision. The Firm is well-equipped and highly experienced to pursue bankruptcy litigation and appeals, including having participated in appeals before the United States District Court, Bankruptcy Appellate Panel, Ninth Circuit, and California Supreme Court.

From prior asset sales conducted by the Trustee, it appears that there are not sufficient funds from the liquidation of tangible assets to pay all allowed interim administrative expenses. Therefore, it appears that the Adversary represents a substantial source of funding for the Estate.

### ii. Reasons for the Selection.

The Trustee believes that the Firm is well-qualified to render the requested professional services to the Estate. The Firm comprises attorneys who have extensive experience in insolvency, bankruptcy, real estate litigation, and corporate reorganization as well as litigation matters of the type that may need to be pursued herein. The Firm is experienced in debtor/creditor matters, including the representation of trustees in bankruptcy cases. The members of the Firm have a combined Bankruptcy Court practice of decades, and the Firm has handled most issues that routinely arise in the context of a bankruptcy case. Additionally, as shown in the professional firm biographies attached as **Exhibit 1** to the Declaration of D. Edward Hays ("Hays Declaration"), the Firm and its attorneys have extensive litigation and appellate experience which makes the Firm well-suited to represent the Trustee in this complex case.

### iii. Professional Services to be Rendered.

The Firm is being retained as general and special counsel for the Trustee and the Firm will provide the following services (this is a non-exhaustive list):

- To advise regarding the administration of Estate assets, if any other than those which have been previously administered and sold by the Trustee;
- To advise and prosecute the Adversary and subsequent appeals, if any;
- To represent the Trustee in any proceeding or hearing in the Bankruptcy Court and in any action where the rights of the Estate or Trustee may be litigated or affected;

- To conduct examinations of Debtor, witnesses, claimants, or adverse parties, and to prepare and assist in the preparation of reports, accounts, applications, motions, complaints, and orders; and
- To perform any and all other legal services incident and necessary for the smooth administration of this bankruptcy case.

### iv. Proposed Arrangement for Compensation.

The Firm's proposed engagement will track the employment of prior counsel, DG, and be bifurcated as follows: for all services, the Firm will be permitted to recover its costs. The Firm will specifically segregate and designate billing entries for general counsel services, for which the Firm will provide services and seek compensation at the Firm's regular hourly rates, which may be adjusted from time to time. The Firm's current hourly billing rates are as follows:

| Partners | Rates | Of Counsel | Rates | Paralegals | Rates |
|---|---|---|---|---|---|
| Richard A. Marshack | $770 | Kristine A. Thagard | $670 | Pamela Kraus | $380 |
| D. Edward Hays | $770 | Matthew W. Grimshaw | $670 | Chanel Mendoza | $380 |
| David A. Wood | $670 | Chad V. Haes | $670 | Layla Buchanan | $380 |
| Laila Rais | $590 | Alina Mamlyuk | $570 | Cynthia Bastida | $380 |
| | | | | Sandra Pineda | $380 |
| **Senior Counsel** | **Rates** | **Associates** | **Rates** | Kathleen Frederick | $350 |
| Aaron E. de Leest | $670 | Tinho Mang | $570 | Chantaal Arnold | $350 |
| | | Bradford N. Barnhardt | $470 | | |
| | | Sarah R. Hasselberger | $470 | | |
| | | Devan de los Reyes | $400 | | |

Second, the Firm will segregate and track its time dedicated to the Adversary, on the same contingency fee scale as was approved under the DG Special Employment Application, which is that the Firm will seek compensation based on a contingency fee calculated on the "Amount Recovered" from the Adversary, which is defined as "the gross amount of any recovery, before deduction of any unpaid costs, whether such sums are established by settlement or compromise […]" *See* DG Special Employment Application [Dk. 44], pg. 4, ¶ 7(b). The contingency fee is 40% prior to the commencement of trial, and 45% after the commencement of trial.[1] In all respects, the fee earned by the Firm is subject to final examination and approval by the Court under 11 U.S.C. §§ 330 & 331.

---

[1] There is some ambiguity in paragraph 7(c) of the DG Special Employment Application, where the language can be read as permitting DG to be compensated 45% of an attorneys' fee award. The Firm believes that the contingency fee should not be calculated to include an additional award of attorneys' fees in the "Amount Recovered", which would result in a fee enhancement.

The Firm will be compensated from assets of the Estate, if any, and will not be compensated absent the Estate's receipt or recovery of such assets. The Firm has received no retainer for the services to be performed in this case, and has agreed that no retainer will be paid.

The Firm understands that its compensation in this case is subject to approval by the Bankruptcy Court. In compliance with 11 U.S.C. §§ 330 and 331, the Firm intends to file interim and final applications for allowance of fees and reimbursement of costs as and when appropriate.

The Firm has advised the Trustee that the Firm has not shared or agreed to share any compensation to be received by it in this case with any other person, except as among partners of the Firm.

Additionally, the Trustee may also engage associated special counsel to assist with the Adversary (i.e. Mr. Ranaan) – future arrangements and associations will be presented to the Court for subsequent approval (but will not increase the overall contingency fee to be paid by the estate for work performed by the Firm and any associated co-counsel).

DG may have rights to seek *quantum meruit* compensation from the Estate. *See, e.g., Chodos v. Borman*, 227 Cal.App.4th 76 (2014). Nothing in this Application is intended to eliminate such rights. The Court will ultimately decide such issues in connection with final fee applications.

### v. Firm's Connections and Associations.

Except as disclosed herein and to the best of the Firm's knowledge, neither the Firm, nor any of the attorneys or paraprofessionals comprising or employed by it, has any connection with Debtor or Debtor's attorneys or accountants, Debtor's creditors, or any other party in interest, or their respective attorneys or accountants.

The Firm does not have an interest adverse to the Debtor or the bankruptcy Estate. As of the Petition Date, the Firm was not a creditor of the Estate and was not owed any funds by Debtor.

To the best of the Firm's knowledge, and as set forth in the attached Hays Declaration, none of the attorneys comprising or employed by the Firm has any connection with any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee, except that: (1) Richard A. Marshack is a panel Chapter 7 trustee; (2) several of the Firm's attorneys have served as law

clerks or externs to various Central District of California bankruptcy Judges in this District, but not the presiding judge in this case; (3) two judges of the United States Bankruptcy Court for the Central District of California, but not the judge in this case, have performed marriage ceremonies for members of the Firm or their family members pursuant to California Family Code § 400(b)(3)(C); (4) Mr. Namba in his capacity as a Chapter 7 trustee has previously employed and continues to employ the Firm in his capacity as Chapter 7 trustee in other, unrelated cases.

Based on the foregoing, the Trustee believes that the Firm is a "disinterested person" within the meaning of Bankruptcy Code § 101(14).

## 3. Conclusion

The Trustee requests that he be authorized to employ the Firm as his general counsel pursuant to 11 U.S.C. § 327 and as special counsel pursuant to 11 U.S.C. § 328, as follows:

1. The Firm will segregate and charge its typical hourly rate for general counsel services.

2. All fees awarded by the Court for services performed as general counsel will be subject to final review and approval by the Court pursuant to 11 U.S.C. §§ 330 and 331.

3. The Firm will segregate all time incurred in prosecuting the Adversary, 9:23-ap-01067-RC, and will not receive compensation at an hourly rate; instead, it will receive a contingency fee equal to a percentage of the total gross recovery from the Adversary, in the following amounts:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

///

a. Prior to the commencement of trial, 40% of the gross amount recovered.

b. Upon the commencement of trial, 45% of the gross amount recovered.

Dated: February 18, 2025

Respectfully submitted,

By: ______________________
JERRY NAMBA
Chapter 7 Trustee

Dated: February 18, 2025

MARSHACK HAYS WOOD LLP

By: */s/ D. Edward Hays*
D. EDWARD HAYS
TINHO MANG
SARAH R. HASSELBERGER
Attorneys for Jerry Namba,
Chapter 7 Trustee for the Bankruptcy Estate of
AMPERSAND PUBLISHING, LLC

## Declaration of D. Edward Hays

I, D. EDWARD HAYS, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

3. I am a founding partner in the law firm of Marshack Hays Wood LLP ("Firm") and maintain offices at 870 Roosevelt, Irvine, California, 92620.

4. I make this Declaration in support of the Application of Jerry Namba, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ampersand Publishing, LLC, dba Santa Barbara News-Press ("Debtor"), to Employ the Firm as Successor Counsel ("Application").

5. The Trustee has asked that the Firm serve as his counsel in connection with the administration of the Estate. I believe that the Firm is well-qualified to do so.

6. The Firm comprises attorneys who have extensive experience in most aspects of insolvency, bankruptcy, and litigation and is well-qualified to represent the Trustee in proceedings of this nature. The Firm is experienced in debtor/creditor matters, including the representation of trustees in bankruptcy cases. The members of the Firm have a combined Bankruptcy Court practice of decades, and the Firm has handled many of the issues that routinely arise in the context of a bankruptcy case, and in appeals before the United States District Court, Bankruptcy Appellate Panel, Ninth Circuit, and the California Supreme Court.

7. All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. A biography of each professional of the Firm with billing rates is attached as **Exhibit 1** and incorporated by this reference.

8. The Firm and each of the members, associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

9. The Firm's current hourly billing rates are as follows:

| | |
|---|---|
| Partners | $590 to $770 |
| Senior Counsel | $670 |
| Of Counsel | $570 to $670 |
| Associates | $400 to $570 |
| Paralegals | $350 to $380 |

10. The Firm has not received a retainer for the services that it will perform in this matter.

11. The Firm understands that its compensation in this case is subject to approval of this Court pursuant to 11 U.S.C. §§ 327, 328, 330, and 331.

12. The Firm has not shared or agreed to share any compensation to be received by it in the case with any other person, except as among partners of the Firm.

13. The Firm's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization. The Firm does not have a "commercial" practice outside of bankruptcy.

14. From its inception, the Firm has maintained databases of all bankruptcy cases in which it has been employed, through document management and billing systems. For every new potential case where the Firm is employed, a search of these databases of the Debtor(s) and all creditors is performed to ascertain if the Firm has any previous relationship that would prevent its employment in the case.

15. In this case, the Firm completed a conflicts-check prior to submitting the Application by using the information provided by the Debtor in her petition against the Firm's databases. As a result of the conflicts check, no relationship was identified that would prevent employment in this matter.

16. To the best of my knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any connection with Debtor or Debtor's attorneys or accountants, Debtor's creditors, or any other outside party in interest, or their respective attorneys or accountants, except that the Firm has represented, and continues to represent, Jerry Namba in his capacity as bankruptcy trustee in other unrelated cases.

17. As of the Petition Date, the Firm was not a creditor of the Estate, an equity security holder, or an insider of Debtor. The Firm has no pre-petition claim against Debtor's Estate and was not owed any funds by Debtor.

18. To the best of my knowledge, none of the attorneys comprising or employed by the Firm has any connection with any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee, except that: (1) Richard A. Marshack is a panel Chapter 7 trustee; (2) several of the Firm's attorneys have served as law clerks or externs to various Central District of California bankruptcy Judges in this District, but not the presiding judge in this case; (3) two judges of the United States Bankruptcy Court for the Central District of California, but not the judge in this case, have performed marriage ceremonies for members of the Firm or their family members pursuant to California Family Code § 400(b)(3)(C); (4) Mr. Namba in his capacity as a Chapter 7 trustee has previously employed and continues to employ the Firm in his capacity as Chapter 7 trustee in other, unrelated cases. The Firm does not have an interest adverse to Debtor or the bankruptcy Estate.

19. The Firm does not have an interest adverse to Debtor or the bankruptcy Estate.

20. Based on the foregoing, I believe that the Firm is a "disinterested person" within the meaning of Bankruptcy Code § 101(14).

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 18, 2025.

*/s/ D. Edward Hays*
D. EDWARD HAYS

## Declaration of Jerry Namba

I, JERRY NAMBA, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. I am the duly appointed Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ampersand Publishing, LLC, dba Santa Barbara News-Press ("Debtor").

4. The facts set forth below are true of my personal knowledge.

5. I make this Declaration in support of my Application to Employ Marshack Hays Wood LLP ("Firm") as my general counsel.

6. After DG closed its doors, it could no longer serve as my counsel in this case. While several of the attorneys were joining LNBYG, I did not believe that that firm could continue as my counsel given it represents the Debtor.

7. As such, I have asked that the Firm serve as my successor counsel in connection with the administration of the Estate. I believe that the Firm is well-qualified to do so.

8. I believe that it is in the best interest of the Estate and that there is good cause to employ the Firm as my general counsel.

9. Additionally, I and the Estate require experienced special litigation counsel to continue prosecuting the adversary litigation which is pending. I believe it is necessary and appropriate for the Firm to be employed on the same terms as prior counsel, DG, with a contingency fee of 40% for recoveries prior to trial, and 45% for recoveries upon the commencement of trial.

10. I anticipate seeking to employ co-counsel to the Firm in connection with the Adversary. Any such arrangement will be the subject of a separate employment application and will

/ / /

/ / /

/ / /

not result in higher fees to the estate. Instead, the proposed contingency fee will be apportioned between co-counsel as will be set forth in any subsequent application to employ.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 18, 2025.

JERRY NAMBA

# Exhibit "1"

**PARTNERS**

**RICHARD A. MARSHACK**

Richard A. Marshack is a founding member of the firm of Marshack Hays Wood LLP. He was born in Las Vegas, Nevada, June 21, 1958. He graduated from University of California at Irvine in 1979 with a Bachelor of Arts degree and California Western School of Law (J.D. Magna Cum Laude, 1982). Recipient, American Jurisprudence Award: Agency and Partnership. Staff Writer, 1980-1981 and Lead Articles Editor, 1981-1982 California Western Law Review. He was admitted to the California Bar in 1982 and the U. S. District Court, Central and Southern Districts of California and U. S. Court of Appeals, Ninth Circuit, 1984.

Mr. Marshack was Law Clerk to the Honorable Folger Johnson, Chief Judge, United States Bankruptcy Court, District of Oregon, 1982-1984, and an Adjunct Professor: Bankruptcy Law, Western States University College of Law, Bankruptcy Law, 1993; Bankruptcy Law, University of California, Irvine, 1985-1992.

Mr. Marshack has authored several articles, including: "The Toxic Claim: Using Bankruptcy Law to Limit Environmental Liabilities," California Bankruptcy Journal, Volume 19, Number 3, 1991; "Recent Developments Under Section 546 of the Bankruptcy Code," Tactics for Unsecured Creditors of Bankrupt Debtors," California Lawyer 21, August, 1984; "Adequate Protection for the Unsecured Creditor Under the Bankruptcy Code", Commercial Law Journal 621, December 1983; "Recent Developments for Reclaiming Goods Under the Bankruptcy Code and the Uniform Commercial Code, "Uniform Commercial Code Law Journal 187, July, 1983; "Reclamation of Goods Under the Bankruptcy Code," Oregon Debtor-Creditor News Letter, I, July 1983; "*Sindell vs. Abbot Laboratories*: Is Market Share Liability the Best Remedy to the DES Controversy" California Western Law Review 143, 1981.

Memberships: Orange County Bankruptcy Forum, Director and President 1995-96; Orange County Bar Association (Commercial Law & Bankruptcy Section), Chairman, 1989; California State Bar Association; Commercial Law League of America; Los Angeles Bankruptcy Forum.

*Panel Bankruptcy Trustee for U.*S. *Bankruptcy Court, Central District of California,* 1985 - *Present.*

**D. EDWARD HAYS**

D. Edward Hays is a founding member of the firm of Marshack Hays LLP. He graduated with honors from California State University at Fullerton in 1989 with a Bachelor of Arts degree in Business. He graduated from the University of Southern California Law Center in 1992 where he was a member of the Hale Moot Court Honors program. Mr. Hays was admitted to practice in 1992. Ed has been certified as a bankruptcy law specialist by the State Bar of California.

Ed focuses his practice on bankruptcy and litigation matters. In 2020, he was the President of the California Bankruptcy Forum. In 2000 and 2017, he served as Chair of the Commercial Law & Bankruptcy Section of the Orange County Bar Association. He also has served as a Director or member of the following organizations: the Inland Empire Bankruptcy Forum; the Orange County Bankruptcy Forum; the William P. Gray Legion Lex American Inns of Court, the Federal Bar Association, and the Executive Council for the College of Business at Cal State Fullerton. In 1998 and 1999, Mr. Hays also served as a Judge Pro Tem for the Superior Court of the State of California, County of Los Angeles. Ed has been selected on numerous occasions to present continuing education lectures on various legal topics including bankruptcy, litigation, exemptions, and legal research. He has spoken at the National Conference of Bankruptcy Judges, the National Association of Bankruptcy Trustees, the National Association of Consumer Bankruptcy Attorneys, the California Bankruptcy Forum, the Orange County Bankruptcy Forum, the Inland Empire Bankruptcy Forum, the Orange County Bar Association, and the Office of the United States Trustee for multiple Regions. He also served on the Central District Task Force for Amendments to the Local Bankruptcy Rules.

Ed's published cases include:
*In re Brace,* 9 Cal.5th 903 (Cal. Supreme Court 2020)
*Richards v. Marshack (In re Richards)*, 644 B.R. 544 (Distr. C.D.Cal. 2022)
*Legal Serv. Bureau, Inc. v. Orange Cnty. Bail Bonds, Inc. (In re Orange Cnty. Bail Bonds, Inc.)*,
638 B.R. 137 (9th Cir. BAP 2022)
*In re Eagan Avenatti, LLP*, 637 B.R. 502 (Bankr. C.D.Cal. 2022)
*Patow v. Marshack (In re Patow)*, 632 B.R. 195 (9th Cir. BAP 2021)
*In re Brace,* 979 F.3d 1228 (9th Cir. 2020)
*In re Nolan*, 618 B.R. 860 (Bankr. C.D.Cal. 2020)
*Jue v. Liu (In re Liu),* 611 B.R. 864 (9th Cir. BAP 2020)
*Naylor v. Farrell (In re Farrell),* 610 B.R. 317 (Bankr. C.D.Cal. 2019)
*In re Roger,* 393 F.Supp.3d 940 (Distr. Cal. 2019)
*Brace v. Speier,* 908 F.3d 531 (9th Cor. 2018)
*Slaieh v. Simons,* 548 B.R. 28 (Distr. Cal. 2018)
*Cal. Corr. Peace Officers Ass'n Ben. Trust Fund v. Corbett (In re Corbett),*
2017 U.S.Dist. Lexis 108925 (E.D. Cal. 2017)
*Brace v. Speier (In re Brace),* 566 B.R. 13 (9th Cir. BAP 2017)
*In re DRI Cos. v. Sunwize Techs. Inc. (In re DRI Cos.),* 552 B.R. 195 (Bankr. C.D.Cal. 2016)
*Stahl v. Whelan Elec., Inc. (In re Modtech Holdings),* 503 B.R. 737 (Bankr. C.D.Cal. 2013)
*In re Cusimano,* 2013 WL 9736597 (Bankr. C.D.Cal. 2013)
*In re Cass,* 476 B.R. 602 (Bankr. C.D.Cal. 2012)
*In re Four Star Financial Services, Inc.,*
444 B.R. 428 (Bankr. C.D.Cal. 2011) rev'd 469 B.R. 30 (D.Cal. 2012)
*In re Rinard,* 415 B.R. 12 (Bankr. C.D.Cal. 2011)
*In re Dick Cepek*, 339 B.R. 730 (9th Cir. BAP 2006)
*In re Dudley*, 249 F.3d 1170 (9th Cir. 2001)
*In re Kim,* 257 B.R. 680 (9th Cir. BAP 2000)
*In re Kuraishi,* 237 B.R. 172 (Bankr. C.D.Cal. 1999)
*Blonder v. Cumberland Engineering, (1999)* 71 Cal.App.4th 1057, 84 Cal.Rptr.2d 216
*In re Metz,* 225 B.R. 173 (9th Cir. BAP 1998)
*In re National Environmental Waste Corporation,* 191 B.R. 832 (Bankr. C.D.Cal. 1996) aff'd 129 F.3d 1052 (9th Cir. 1997)
*In re Turner,* 186 B.R. 108 (9th Cir. BAP 1995)
*In re Continental Capital & Credit,* 158 B.R. 828 (Bankr. C.D.Cal. 1993)

Ed and his wife, Sarah Cate Hays, have also co-authored the following law review articles published in the California Bankruptcy Journal:

- *The Client Without a Remedy and the Windfall Estate – The Case for Debtor Ownership of Malpractice Claims Against Bankruptcy Counsel* (32 Cal. Bank. J. 65 (2012));
- *The Same Love – Marriage Equality in Bankruptcy Post-DOMA and the Evolving Rights of Registered Domestic Partners* (33 Cal. Bank. J. 49 (2014)); and

*Good Help Is Hard to Fund: The Problem of Earned Upon Receipt Retainers and Pre-Funded Litigation in Bankruptcy* (33 Cal. Bankr. J. 421 (2016)).

**DAVID A. WOOD**

David A. Wood focuses his practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights.

Mr. Wood earned his Bachelor of Arts degree from Biola University in 2003, where he graduated magna cum laude. Thereafter, Mr. Wood was a senior associate at Alfred Gobar Associates, a firm specializing in developing

econometric modeling systems to evaluate land development opportunities, and the existence of economic blight. He earned his law degree from Chapman University School of Law in 2010, where he graduated in the top 6% of his class. Prior to joining Marshack Hays Wood, Mr. Wood served a two-and-a-half year term as the judicial law clerk to the Honorable Erithe A. Smith of the United States Bankruptcy Court for the Central District of California, Santa Ana Division. Mr. Wood also externed for Honorable Theodor C. Albert of the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

While in law school, Mr. Wood was a symposium editor for the Chapman Law Review and the recipient of the CALI Excellence Award for Immigration Law and Select Topics in American Law.

**LAILA RAIS** focuses her practice in bankruptcy and business litigation, including lender liability and creditors' rights.

Ms. Rais graduated cum laude from the University of California, Irvine in 2012. She earned her law degree from Pepperdine University School of Law in 2016. She was admitted to practice law in California in 2016. Prior to joining Marshack Hays Wood, Ms. Rais served as a judicial law clerk to the Honorable Thomas B. Donovan at the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

During law school, as an extern for the Honorable Vincent P. Zurzolo at the United States Bankruptcy Court for the Central District of California, Los Angeles Division, she served on the Rules Committee where she conducted research and wrote on various issues of bankruptcy law, including local court forms, rules and procedures. She also served as a student leader and was nominated for The Parris Institute for Professional Formation Award for Excellence in Leadership and Excellence in Peacemaking. In 2020, Ms. Rais served as the youngest President of the OCBA's Commercial Law and Bankruptcy Section. Ms. Rais is also a member of the International Women's Insolvency & Restructuring Confederation and in August 2020 Ms. Rais was profiled in the Orange County Business Journal for Women in Law. Ms. Rais is conversant in Spanish, Urdu and Hindi.

**ATTORNEYS**

**KRISTINE A. THAGARD** focuses her practice on contract, construction, loan enforcement (including lender's right to insurance proceeds and guarantees), purchase and sale transactions, partnership dispute, toxic cleanup and environmental contamination, broker malfeasance, fiduciary duty (broker/agent, partnership and trust), and insurance (negotiation, bad faith, and declaratory relief). She has significant litigation experience in multi-party complex construction defect actions, all aspects of general/commercial liability defense (construction, product and premise liability), subrogation, and real estate (broker/agent, contract, title, contract and fraud).

Ms. Thagard was born in Lynwood, California and graduated cum laude from Menlo College where she served on the Board of Trustees for 9 years. She received her J.D. from the University of Southern California in 1980. While in law school she served as a judicial extern to the Honorable Robert Kingsly, Second Appellate District Court of Appeal. She is admitted to practice in both California (1980) and Nevada (2001) as well as the Federal Courts of both states. She also holds a California Real Estate Broker's License.

**MATTHEW W. GRIMSHAW** focuses his practice on insolvency law and litigation. He represents parties in all aspects of bankruptcy matters and out-of-court restructurings. He also has significant experience litigating and advising clients on issues resulting from the debtor-creditor relationship, including the enforcement of notes and guarantees, writs of attachment, receiverships, wrongful foreclosures, mortgage elimination scams, and injunctions.

Mr. Grimshaw was born in Mesa, Arizona. He graduated from Brigham Young University with a Bachelor of Arts degree in Economics. He graduated with honors from Willamette University College of Law, where he served as the editor-in-chief of the school's Journal of International Law and Dispute Resolution. Mr. Grimshaw

was admitted to practice law in California in 2000.

Mr. Grimshaw served a two-year term as a judicial law clerk to the Honorable John E. Ryan. During his first year, Mr. Grimshaw served as Judge Ryan's trial law clerk. During his second year, when Judge Ryan was the chief judge of the Bankruptcy Appellate Panel of the Ninth Circuit Court of Appeals, Mr. Grimshaw served as his appellate law clerk.

Mr. Grimshaw has been asked on many occasions to present lectures on various subjects, including bankruptcy, creditors' rights, and legal ethics. He has published numerous articles on bankruptcy-related topics. In 2006, he was also appointed by Ninth Circuit Court of Appeals to serve on the committee that evaluated candidates and made recommendations as to who should fill existing vacancies on the United States Bankruptcy Court for the Central District of California.

Mr. Grimshaw is a long-time member of the Board of Directors for the Orange County Bankruptcy Forum. He also served as Chair of the Commercial Law and Bankruptcy Section of the Orange County Bar Association.

**CHAD V. HAES**

Chad V. Haes focuses his practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights. Mr. Haes' litigation experience includes representing institutional lenders in actions related to lien priority and wrongful foreclosure, prosecuting and enforcing mechanic's liens, seeking unlawful detainer judgments on behalf of secured lenders and representing creditors, debtors and trustees in the bankruptcy context.

Mr. Haes is a California native who earned his Bachelor of Arts degree from Azusa Pacific University in 2004 and his law degree from Southwestern Law School in 2008. Prior to joining Marshack Hays Wood, Mr. Haes served a two-year term as the judicial law clerk to the Honorable Meredith A. Jury of the United States Bankruptcy Court for the Central District of California, Riverside Division. Mr. Haes also externed for Honorable Samuel L. Bufford of the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

While in law school, Mr. Haes was a member of the Moot Court Honors Program and the recipient of the John J. Schumacher full-tuition scholarship, the Equal Justice America fellowship, the Wiley W. Manuel Award for Pro Bono Legal Services and the CALI Excellence Award for Constitutional Law. Mr. Haes was also selected as a finalist oralist and finalist writer in the Southwestern First-Year Intramural Moot Court Competition and a finalist oralist in the Rendigs National Products Liability Moot Court Competition.

**ALINA MAMLYUK** is Of Counsel to Marshack Hays Wood, LLP, a bankruptcy law firm serving Southern California located in Irvine, California. Prior to joining the firm, Ms. Mamlyuk represented clients in copyright matters in her own practice, working on traditional/new media and entertainment cases. Specifically, Ms. Mamlyuk focused on helping creative professionals build extensive intellectual property portfolios that they could then successfully license, sell or otherwise exploit to the full extent of the U.S. Copyright Law. Her client roster includes renowned YouTubers, Instagram influencers, Tik-Tokers, award-winning creative and art directors as well as employees at top advertising agencies and tech giants (Meta, Amazon).

**AARON E. DE LEEST** is a bankruptcy attorney and litigator with more than 20 years of experience. Aaron represents debtors, creditors, and trustees in bankruptcy matters, litigation, and appeals. He routinely represents debtors and creditors in Chapter 11 reorganization cases. Aaron also provides guidance to creditors regarding their claims outside of bankruptcy, including collection actions and pre- and post-judgment remedies. He also represents receivers in both federal and state courts.

Aaron is a current advisor and former Chair of the Insolvency Law Committee, Business Law Section of the

California Lawyer's Association and has served as the Chair of the Publications Subcommittee for the Insolvency Law Committee. Aaron is a former Chair for the Bankruptcy Committee of the Los Angeles County Bar Association, Commercial Law and Bankruptcy Section and a former Chair of the Beverly Hills Bar Association, Bankruptcy Section.

In addition, Aaron has been selected by his peers as a "Super Lawyer" in the Super Lawyers Magazine. Aaron is also a former judicial extern to the Honorable Barry Russell, United States Bankruptcy Judge, and is a recipient of the Barry Russell Federal Bar Association Award for Excellence in the Field of Federal Practice. Aaron is also a recipient of the American Bankruptcy Institute Medal of Excellence.

**TINHO MANG** is a senior associate attorney at Marshack Hays. He has been with the firm since 2018. Mr. Mang has represented trustees (Chapter 7 and 11), creditors (secured and unsecured), debtors, and avoidance action defendants in cases primarily located in the Central District of California.

Mr. Mang graduated *magna cum laude* from UCLA with a major in Scandinavian language and culture, and then switched sides to earn his Juris Doctorate at USC, where he served as the Executive Senior Editor of the Southern California Review of Law and Social Justice. During law school, Mr. Mang discovered his interest in practicing bankruptcy law in the course of two summer externships with the Honorable Scott C. Clarkson, United States Bankruptcy Judge.

Mr. Mang served as the lead attorney in dozens of bankruptcy adversary matters, including two bench trials, prevailing on behalf of the trustee in both trials. He also has represented parties in dozens of bankruptcy appeals, including appeals in the United States District Court, Ninth Circuit Bankruptcy Appellate Panel, and Ninth Circuit Court of Appeals. Mr. Mang's representative work includes the following results:

- Sale of a $9.1 million winery estate in Paso Robles
- Sale of a $6.25 million beachfront property in Dana Point
- Settlement of disputed lien claims over $2.5 million in investment funds leading to seven-figure recovery for bankruptcy estate
- Sale of a $2.2 million ocean view property Newport Beach
- Sale of a $2.1 million vacant lot in Beverly Hills
- Sale of a $1.35 million property in Santa Ana
- Sale of a $1.1 million former sober living facility in San Juan Capistrano
- Sale of a $1.06 million property in Murrieta requiring a driveway access easement
- Liquidation of assets of a heavy construction and earthwork company
- Recovery of compensatory monetary sanctions award (including sanctions for frivolous appeal) in a debtor-initiated violation of the automatic stay
- Recovery of compensatory and punitive damages for a creditor's violation of the discharge injunction
- Recovery of funds from retirement accounts claimed as exempt through successful exemption objections or settlement
- Liquidation of franchising assets in nationwide men's salon chain
- Recovery of six-figure settlement in lawsuit for wrongful stop payment of a cashier's check

Mr. Mang will serve a three-year term on the board of directors for the Inland Empire Bankruptcy Forum beginning in 2023. Mr. Mang also volunteers to provide *pro bono* services on a monthly basis with Public Counsel.

**BRADFORD N. BARNHARDT** is an associate attorney at Marshack Hays Wood. Before joining the firm, he completed a two-year judicial law clerkship for the Honorable Sandra R. Klein at the U.S. Bankruptcy Court in Los Angeles. Brad graduated with honors and in the top 10% of his class from Emory University School of Law and served as a Notes & Comments Editor for the Emory Bankruptcy Developments Journal. He received a

Bachelor of Arts, summa cum laude, in English and mathematics from the University of Missouri and was elected to Phi Beta Kappa during his junior year.

**SARAH HASSELBERGER** is an associate attorney at Marshack Hays Wood. Before joining the firm, she served as a judicial law clerk for the Honorable Scott H. Yun at the U.S. Bankruptcy Court for the Central District of California. Sarah received a merit scholarship and graduated in the top 7% of her class from Chapman University Dale E. Fowler School of Law. During law school, Sarah worked as a law clerk for Marshack Hays Wood and served as a judicial extern for the Honorable Scott H. Yun and the Honorable Theodor C. Albert in the U. S. Bankruptcy Court for the Central District of California. Sarah received her Bachelor of Science, cum laude, in Arts Administration from Wagner College in Staten Island, New York.

**DEVAN DE LOS REYES** is an associate at Marshack Hays Wood. Before joining the firm, she served as a judicial law clerk to the Honorable Mary P. Gorman at the Bankruptcy Court for the Central District of Illinois. Devan graduated from the University of Illinois College of Law. She was admitted to practice law in Illinois in 2021. While in law school, she served as the Managing Editor of the Elder Law Journal, on the executive board of the Women's Law Society, and as a teaching assistant for Legal Writing and Analysis.
Devan received her B.A. in Psychology and Sociology from the University of California, Santa Barbara.

**PARALEGALS AND TRUSTEE ADMINISTRATORS**

**PAMELA KRAUS**, Trustee Case Administrator and Paralegal 1990 to Present; Education: Coastline Community College, Costa Mesa (A.A. 2004); Legal Assistant Training Program, Coastline Community College, American Bar Association Certification (Completion 2004). Member: Orange County Paralegal Association; Orange County Bankruptcy Forum; National Association of Bankruptcy Trustees.

**CHANEL MENDOZA,** Experience: Ms. Mendoza is a seasoned litigation and bankruptcy Legal Assistant/Paralegal. She has more than twenty years of law related experience of workers' compensation, personal injury, business litigation, employment law, and bankruptcy, all while working under the direct supervision of active members of the California State Bar. Ms. Mendoza has also worked fourteen of those years under the direction and supervision of Marshack Hays Wood LLP's founding partner, D. Edward Hays. Ms. Mendoza has federal and state court experience, including extensive trial and appellate knowledge. Ms. Mendoza is a former Board Member of NALS and is a current member of the National Notary Association and Orange County Legal Secretaries Association, Inc.

**LAYLA BUCHANAN**, Experience: Ms. Buchanan is a Senior Paralegal with Marshack Hays Wood LLP and has over twenty years of law related experience. Ms. Buchanan has worked extensively in civil, bankruptcy and family law, working under the direct supervision of active members of the California State Bar. Ms. Buchanan obtained her Paralegal Certificate from Coastline Community College's ABA accredited program. Member: Orange County Legal Secretaries Association, and Orange County Paralegal Association. Ms. Buchanan has extensive knowledge in all aspects of state and federal court litigation and bankruptcy practices..

**CYNTHIA BASTIDA**, Experience: Ms. Bastida has over twenty years of experience working as a Legal Assistant/Paralegal. She has her Paralegal Certificate (completion in 1991) and earned a Bachelor of Arts in Psychology from California State University Fullerton in 2004. She has a wide range of experience from civil litigation, bankruptcy, product liability, lemon law, real estate and corporate law as well as eminent domain. Her skills include: Legal research, trial preparation along with drafting numerous fee applications, petitions, proofs of claim, notices, motions and discovery. Cynthia is a member of Orange County Legal Secretary Association (OCLSA).

**SANDRA PINEDA**, Experience: Ms. Pineda has more than thirty years of legal experience providing comprehensive support to business litigation, M&A, real estate, employment litigation and bankruptcy teams, all while working under the direct supervision of active members of the California State Bar. Sandra has also worked

three of those years under the direction and supervision of Marshack Hays Wood LLP's founding partner, D. Edward Hays. Ms. Pineda has federal and state court experience. Ms. Pineda is a current member of NALA.

Billing Rates:

| Partners | Rates | Of Counsel | Rates | Paralegals | Rates |
|---|---|---|---|---|---|
| Richard A. Marshack | $770 | Kristine A. Thagard | $670 | Pamela Kraus | $380 |
| D. Edward Hays | $770 | Matthew W. Grimshaw | $670 | Chanel Mendoza | $380 |
| David A. Wood | $670 | Chad V. Haes | $670 | Layla Buchanan | $380 |
| Laila Rais | $590 | Alina Mamlyuk | $570 | Cynthia Bastida | $380 |
| | | | | Sandra Pineda | $380 |
| Senior Counsel | Rates | Associates | Rates | Chantaal Arnold | $350 |
| Aaron E. de Leest | $670 | Tinho Mang | $570 | | |
| | | Bradford N. Barnhardt | $470 | | |
| | | Sarah R. Hasselberger | $470 | | |
| | | Devan N. de los Reyes | $400 | | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS WOOD LLP AS SUCCESSOR COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF D. EDWARD HAYS AND JERRY NAMBA IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 18, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:** On **February 18, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
AMPERSAND PUBLISHING, LLC
P.O. BOX 939
SANTA BARBARA, CA 93102

**REQUEST FOR SPECIAL NOTICE [DK 20]**
**INTERESTED PARTY**
SONOMA MEDIA
ATTN ERIC JOHNSTON
416 B STREET, SUITE C
SANTA ROSA, CA 95403

**REQUEST FOR SPECIAL NOTICE [DK 31]**
**INTERESTED PARTY**
SANTA BARBARA HISTORICAL MUSEUM
ATTN DACIA HARWOOD, EXECUTIVE DIRECTOR & CHRIS S ERVIN, CA, HEAD ARCHIVIST
136 EAST DE LA GUERRA STREET
SANTA BARBARA, CA 93101

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 18, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

PURSUANT TO PURSUANT TO APPENDIX F, SECTION 2.2 OF THE COURT MANUAL,
A JUDGE'S COPY IS NOT REQUIRED FOR THIS FILING.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 18, 2025 | Chanel Mendoza | */s/ Chanel Mendoza* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):</u>** CONTINUED:

- **ATTORNEY FOR INTERESTED PARTY NP 2024 LLC:** William C Beall will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **ATTORNEY FOR CHAPTER 7 TRUSTEE AND PLAINTIFF JERRY NAMBA:** Michael G D'Alba mgd@lnbyg.com
- **ATTORNEY FOR DEFENDANT 715 ANACAPA, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; DEFENDANT 725 KELLOGG, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; and DEFENDANT WENDY MCCAW:** Zachary Truman Elsea zelsea@eisnerlaw.com
- **ATTORNEY FOR DEBTOR AMPERSAND PUBLISHING, LLC:** Anthony A. Friedman aaf@lnbyg.com
- **ATTORNEY FOR CHAPTER 7 TRUSTEE AND PLAINTIFF JERRY NAMBA:** Eric P Israel eisrael@danninggill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
- **ATTORNEY FOR CHAPTER 7 TRUSTEE JERRY NAMBA:** Brad Krasnoff bkrasnoff@DanningGill.com, danninggill@gmail.com; bkrasnoff@ecf.inforuptcy.com
- **ATTORNEY FOR DEFENDANT 715 ANACAPA, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; DEFENDANT 725 KELLOGG, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; and DEFENDANT AND RESPONDENT WENDY MCCAW:** Ashlee N Lin alin@eisnerlaw.com
- **CHAPTER 7 TRUSTEE JERRY NAMBA:** Jerry Namba (TR) jnambalaw@yahoo.com, jn01@trustesolutions.net; lgrahl@fsscommerce.com; jnambaepiq@earthlink.net
- **INTERESTED PARTY COURTESY NEF:** Reed H Olmstead reed@olmstead.law, r41602@notify.bestcase.com
- **ATTORNEY FOR CHAPTER 7 TRUSTEE AND PLAINTIFF JERRY NAMBA:** Uzzi O Raanan uraanan@DanningGill.com, DanningGill@gmail.com; uraanan@ecf.inforuptcy.com
- **US TRUSTEE:** United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov
- **ATTORNEY FOR CREDITOR NATIONAL LABOR RELATIONS BOARD:** Nayla Wren nayla.wren@nlrb.gov
- **ATTORNEY FOR INTERESTED PARTY KRISTEN L SCOTT:** Steven D Wyllie steven.wyllie@nlrb.gov

4936-3240-8855, v. 1