D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
JERRY NAMBA

FILED & ENTERED

MAR 13 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>AMPERSAND PUBLISHING, LLC, dba SANTA BARBARA NEWS-PRESS,<br><br>Debtor(s). | Case No. 9:23-bk-10601-RC<br><br>Chapter 7<br><br>ORDER GRANTING APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS WOOD LLP AS SUCCESSOR COUNSEL<br><br>[NO HEARING REQUIRED] |

The Court has read and considered the Application by Chapter 7 Trustee to Employ Marshack Hays Wood LLP ("Firm") as Successor Counsel ("Application")[1], filed by Jerry Namba, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ampersand Publishing, LLC, dba Santa Barbara News-Press, on February 18, 2025, as Docket No. 147. The Court finds, based upon the proof of service of the Notice of Application filed on February 18, 2025, as Docket No. 148, and the Declaration that no Party Requested a Hearing on Application filed on March 12, 2025, as Docket No. 149, that proper notice of the Application has been given and no opposition or request for hearing has been received. Accordingly, the Court finds good cause to grant the Application, and the Court enters its Order as follows:

/ / /

/ / /

/ / /

[1] All terms not defined herein are used as they are defined in the Application.

IT IS ORDERED that the Application is approved. Trustee is authorized to employ the Firm as his successor general counsel pursuant to 11 U.S.C. § 327 and as successor special counsel pursuant to 11 U.S.C. § 328, as follows:

1. The Firm will segregate and charge its typical hourly rate for general counsel services.

2. All fees awarded by the Court for services performed as general counsel will be subject to final review and approval by the Court pursuant to 11 U.S.C. §§ 330 and 331.

3. The Firm will segregate all time incurred in prosecuting adversary proceeding no. 9:23-ap-01067-RC ("Adversary"), and will not receive compensation at an hourly rate; instead, it will receive a contingency fee equal to a percentage of the total gross recovery from the Adversary, in the following amounts:

a. Prior to the commencement of trial, 40% of the gross amount recovered.

b. Upon the commencement of trial, 45% of the gross amount recovered.

4. This Order neither affects the rights of Trustee's prior counsel to seek allowance and approval of compensation nor determines any claim to a division of any contingency fee.

###

Date: March 13, 2025

Ronald A. Clifford III
United States Bankruptcy Judge



4913-3809-1037,v.1